**FILED**
**United States Court of Appeals**
**Tenth Circuit**

**February 2, 2010**

**Elisabeth A. Shumaker**
**Clerk of Court**

**UNITED STATES COURT OF APPEALS**

**FOR THE TENTH CIRCUIT**

REEWEN C. D'SOUZA-KAMATH,
M.D.,

Plaintiff-Appellant,

v.

CLOUD COUNTY HEALTH
CENTER, INC.,

Defendant-Appellee.

No. 09-3126
(D.C. No. 5:07-CV-04031-KGS)
(D. Kan.)

**ORDER AND JUDGMENT**[*]

Before **MURPHY**, **McKAY**, and **BALDOCK**, Circuit Judges.

In this diversity action based on Kansas law, Reewen C. D'Souza-Kamath,

M.D., appeals the district court's grant of summary judgment to his former

employer, Cloud County Health Center, Inc. (CCHC). The parties are familiar

with the facts and procedural history of this case, the district court detailed both,

---

[*]    After examining the briefs and appellate record, this panel has determined
unanimously to grant the parties' request for a decision on the briefs without oral
argument. *See* Fed. R. App. P. 34(f); 10th Cir. R. 34.1(G). The case is therefore
ordered submitted without oral argument. This order and judgment is not binding
precedent, except under the doctrines of law of the case, res judicata, and
collateral estoppel. It may be cited, however, for its persuasive value consistent
with Fed. R. App. P. 32.1 and 10th Cir. R. 32.1.

*D'Souza-Klamath v. Cloud County Health Center, Inc.*, No. 07-4031-KGS, 2009 WL 902377, *2-*5 (D. Kan. Mar. 31, 2009),[1] and we need not restate that material here. Suffice it to say that this case stems from a report CCHC made to the Kansas Board of Healing Arts, the state agency responsible for licensing Kansas physicians, alleging an incident of substandard medical care on the part of Dr. D'Souza. Dr. D'Souza calls the report "false, defamatory and motivated by bad faith and malice." Aplt. Br. at 2. As a result, he brought suit seeking damages for breach of contract, defamation, invasion of privacy through false light, retaliation against a whistle-blower, tortious interference with a contract, and tortious interference with a prospective business relationship. He also sought injunctive and declaratory relief.

The district court rejected CCHC's statutory immunity defense, grounded in Kan. Stat. Ann. §§ 65-4926 and 65-2898, but granted summary judgment in its favor because Dr. D'Souza failed to come forward with sufficient evidence to support his claims. The court also dismissed Dr. D'Souza's claims for injunctive and declaratory relief. Because the court granted summary judgment on the basis of insufficient evidence, it did not address CCHC's argument that it "is afforded

---

[1] We note that the district court may have misspelled the second half of plaintiff's last name. Plaintiff's counsel refers to plaintiff as simply "Dr. D'Souza" and we, therefore, do the same.

absolute immunity under [section 12.3-1] of [CCHC's] Medical Staff Bylaws."

J.A., Vol. 1 at 112.

On appeal, Dr. D'Souza takes issue with the district court's conclusion that the pretrial order did not contain his theory that CCHC breached the parties' employment agreement by removing him from the hospital's call schedule. He also contends the district court erroneously concluded that the report's alleged falsities "'are either immaterial or are too minor to be actionable [as defamation],'" Aplt. Br. at 32 (quoting *D'Souza-Klamath*, 2009 WL 902377, at *11), and are not actionable as an invasion of privacy through false light.

Our jurisdiction arises under 28 U.S.C. § 1291.

> In diversity cases like this one, the substantive law of the forum state governs the analysis of the underlying claims, but we are governed by federal law in determining the propriety of the district court's grant of summary judgment. Accordingly, [w]e review the grant of summary judgment de novo, applying the same standard as the district court pursuant to Rule 56(c) of the Federal Rules of Civil Procedure.

*Padhiar v. State Farm Mut. Auto. Ins. Co.*, 479 F.3d 727, 732 (10th Cir. 2007) (citation and quotation omitted). Summary judgment is appropriate "if the pleadings, the discovery and disclosure materials on file, and any affidavits show that there is no genuine issue as to any material fact and that the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(c). "In making this determination, we examine the record and all reasonable inferences that might be drawn from it in the light most favorable to the non-moving party." *Pinkerton v.*

*Colo. Dep't of Transp.*, 563 F.3d 1052, 1058 (10th Cir. 2009) (quotation omitted). We review the district court's interpretation of its pretrial order for an abuse of discretion. *Tyler v. City of Manhattan*, 118 F.3d 1400, 1403 (10th Cir. 1997) ("Because the district court is in the best position to interpret its pretrial order, our standard of review on appeal is abuse of discretion."); *see also Koch v. Koch Indus., Inc.*, 203 F.3d 1202, 1219 (10th Cir. 2000) ("This court reviews for abuse of discretion a district court's exclusion of evidence or issues from trial on the basis of a properly-drawn, detailed pretrial order.").

Having reviewed the briefs, the record, and the applicable law pursuant to the above-mentioned standards, we conclude that Dr. D'Souza has not shown any reversible error in this case. We therefore AFFIRM the judgment of the district court for substantially the same reasons stated in its thorough Memorandum and Order, *D'Souza-Klamath*, 2009 WL 902377.[2]

Entered for the Court

Bobby R. Baldock
Circuit Judge

---

[2] Because we affirm for substantially the same reasons stated by the district court, we will not address CCHC's appellate arguments concerning statutory or absolute immunity. *See* Aplee. Br. at 50-56.